**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

VICKI M. MILLS,

                Plaintiff,

vs.                                                  Case No. 5:10-cv-263-Oc-32TEM

TARGET CORPORATION,,

                Defendant.

## ORDER

Plaintiff, Vicki Mills (Mills) was a shopper at a store owned and operated by Defendant, Target Corp. (Target) when allegedly she slipped and fell on a slick liquid sustaining injuries for which she now sues. This case is before the Court on Target's Motion to Dismiss Mills' Complaint. (Docs. 5, 12).

**I    History**

On May 11, 2010, Mills filed her Complaint in the Circuit Court for Marion County, Florida. (Doc. 2). Target simultaneously filed an Answer (Doc. 3) and a Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 5) on June 4. On June 18, Target removed the case to this Court and filed notice with Mills and the state court. (Doc. 1). June 25, after the case had been removed, the state court granted Target's Motion to Dismiss. (Doc. 10). On July 1, repeal of the statute that was the subject Plaintiff's Count II and of Target's Motion to Dismiss became effective. Fla. Stat. § 768.0710 (repealed 2010). On July 14, Target filed a memorandum of law in support of its Motion to Dismiss Count II of Mills' Complaint with this Court. (Doc. 12).

**II      Discussion**

<u>State Court Order</u>

When Target removed the case on June 18, this Court accepted jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (2006) and 28 U.S.C. § 1441(a) (2006).  The acceptance of jurisdiction was properly and completely accomplished because Target timely filed appropriate notice with all parties and the state court in addition to filing notice and appropriate state court records with this Court.  <u>See</u> 28 U.S.C. § 1446(a, b, d) (2006). Section 1446 provides that upon removal, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).  "Hence, after removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case.  Any subsequent proceedings in state court on the case are void *ab initio*." <u>Maseda v. Honda Motor Co.</u>, 861 F.2d 1248, 1254-55 (11th Cir. 1988) (emphasis in original) (citing <u>Steamship Co. v. Tugman</u>, 106 U.S. 118, 122(1882)).  Thus, when, on June 25, 2010, the Marion County Circuit Court granted Target's Motion to Dismiss Count II, that order was "a nullity." <u>Caldwell v. Montgomery Ward & Co.</u>, 207 F. Supp. 161, 162 (S.D. Tex. 1962). The merits of Target's Motion to Dismiss must be reconsidered by this Court applying Florida law. <u>See</u>, <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938).

<u>Applicability of Florida Statutes Section 768.0710</u>

Mills' Complaint alleges two counts: a cause of action for common law negligence in Count I and a cause of action under Florida Statutes section 768.0710 in Count II. (Doc. 2). Target's Motion to Dismiss Count II claims section 768.0710 does not provide a right of action but instead merely spells out the burden of proof for a negligence claim under the

circumstances of Mills' case. (Docs. 5, 12). In light of the repeal of section 768.0710, the Court must first consider whether section 768.0710 can have any remaining applicability to this case or whether its successor, Florida Statutes section 768.0755, ought to be applied.

This Court has previously addressed this same question in another "slip and fall" case. Kelso v. Big Lots Stores, Inc., No. 8:09-cv-01286-T-EAK-TGW, 2010 U.S. Dist. LEXIS 83272 (M.D. Fla. July 21, 2010). The question of whether the repeal of a state statute has a retroactive effect upon litigation already commenced under that statute is a question of state law. Chepstow LTD v. Hunt, 381 F.3d 1077, 1081 (11th Cir. 2004). In Florida, it is "well established . . . that, in the absence of an express legislative statement to the contrary, an enactment that affects substantive rights or creates new obligations or liabilities is presumed to apply prospectively." Hassen v. State Farm Mut. Auto. Ins. Co., 674 So. 2d 106, 108 (Fla. 1996) (citing Arrow Air, Inc. v. Walsh, 645 So. 2d 422, 425 (Fla. 1994)). Here there is no record of legislative intent to indicate that section 768.0755 should apply retroactively. In fact, the history indicates only that it has an effective date of July 1, 2010, at which time section 768.0710 would be repealed. 2010 Fla. Laws 182-83. Thus the remaining question is whether the repeal of section 768.0710 and passage of section 768.0755 affects substantive rights.

In this case, as the Court found in Kelso, section 768.0755 is a substantive change to the law in that it requires an entirely new item of proof–namely that the plaintiff prove "actual or constructive knowledge [on the part of the Defendant] of the dangerous condition . . . ." Fla. Stat. § 768.0755; Kelso, 2010 U.S. Dist. LEXIS 83272, *3-4. Thus, section 768.0755 imposes upon plaintiffs a new legal burden and a plaintiffs' substantive rights are

affected thereby. See, e.g., Shaps v. Provident Life & Accident Ins. Co., 826 So. 2d 250, 254 (Fla. 2002) (quoting Alamo Rent-A-Car v. Mancusi, 632 So. 2d 1352, 1358 (Fla. 1994)) ("substantive law prescribes duties and rights and procedural law concerns the means and methods to apply and enforce those duties and rights").  The new law, section 768.0755, therefore applies only prospectively and the old law, section 768.0710, is applicable in this case.

### Section 768.0710 as the Basis for a Cause of Action

"It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain . . . the sole function of the courts is to enforce it according to its terms." Caminetti v. United States, 242 U.S. 470, 485 (1917); see also, e.g., Carcieri v. Salazar, 129 S. Ct. 1058, 1063-64 (2009).  Here, the title of the statute is, in relevant part, "[b]urden of proof in claims of negligence . . . [.]" Fla. Stat. § 768.0710.  This language, in combination with the fact that the statute does not elsewhere state or imply a cause of action separate from common law negligence, is sufficient to conclude that there is none.

Moreover, the history surrounding the passage of section 768.0710 confirms this view. In Owens v. Publix Supermarkets, Inc., the Florida Supreme Court set out a burden shifting framework for negligence cases involving "transitory foreign substances . . . ." 802 So. 2d 315, 331 (Fla. 2001).  The Florida Legislature then enacted section 768.0710 with the following preamble:

> WHEREAS, on November 15, 2001, the Florida Supreme Court decided the case of Owens v. Publix Supermarket, Inc., Case No. SC95667 & SC96235, and

4

>WHEREAS, the Florida Legislature has considered the issues raised and law surveyed in the Owens case when balancing rights and duties between possessors of land and invitees upon that land, NOW, THEREFORE,
>
>Be It Enacted by the Legislature of the State of Florida: [Statute Text Follows.]

2002 Fla. Laws 2125-26; see also, e.g., Melkonian v. Broward Cnty. Bd. of Cnty. Comm'rs., 844 So. 2d 785, 788 (Fla. 4th DCA 2003) (stating that section 768.0710 was enacted in response to Owens).  In short, both the text and history of section 768.0710 make clear that the purpose of the statute was to modify the burden by which a plaintiff must prove negligence involving transitory foreign substances.  There is no suggestion that the statute was intended to provide a separate cause of action and therefore this Court decides that it does not.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss Count II (Docs. 5, 12) of Plaintiff's Complaint (Doc. 2) is **GRANTED**.

2. Count II of Vicki Mills' Complaint is **dismissed with prejudice**.  The Court will proceed on Count I of the Complaint.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of November, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

bt.
Copies:
counsel of record